397 A.2d 1210
**Kathleen Joyce PARENTI**
v.
**Richard Allen PARENTI, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1978.
Decided Feb. 15, 1979.

David F. Alpern, Pittsburgh, for appellant.

No appearance entered nor brief filed for appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

VAN der VOORT, Judge:

Appellant Richard Parenti and appellee Kathleen Parenti married on February 15, 1975, separated on August 6, 1976, and were granted a divorce on December 10, 1976. A child was born to appellee on June 8, 1977, six months after the divorce was granted. Assuming a normal gestation period, the child would have been conceived early in September, 1976, one month after the separation. On August 18, 1977, appellee filed a complaint to obtain support from appellant for the child. A hearing was held on September 27, 1977, at which time appellant presented to the court a petition for blood tests, pursuant to the Uniform Act on Blood Tests to Determine Paternity, Act of July 13, 1961, P.L. 587, 28 P.S. § 307.1 et seq. No objection was made concerning untimeliness of the presentation of this petition to the court, or to appellant's failure to file the petition before presenting it to the court. (The petition was not filed until the day following the hearing). The lower court denied the petition for blood tests, stating: "They were married at the time this child was conceived and we are not going to bastardize this child." The court then ordered appellant to pay support in the amount of eighty dollars per month. A direct appeal was taken to our Court.

Section one of the Uniform Act provides that the lower court "upon motion of any party to the action made at a time so as not to delay the proceedings unduly, *shall* order the mother, child and alleged father to submit to blood

tests." (Emphasis added). The lower court in the case before us might have dismissed the petition as untimely, but chose instead to consider the substance of the petition. The court was therefore required by section one of the Act to order the parties to submit to the blood tests.[1]

Section five of the Act provides that the presumption of legitimacy of a child born during wedlock will be overcome if blood tests show that the husband is not the father of the child. In the case before us, the lower court indicated on the record that it was denying the petition in order to avoid the possibility of having the child proven a bastard. Under the circumstances, we find that the lower court erred in refusing to order blood tests which might have proven that appellant was not the father of appellee's child.

The orders dated September 27, 1977, are reversed, and the case is remanded for proceedings consistent with this Opinion.[2]

1. Any party may, of course, refuse to submit to such tests, but will run the risk of the lower court resolving the question of paternity against such party. (Section one).

2. The lower court actually signed two separate Orders on September 27, 1977, one denying the petition for blood tests, one granting support. It is apparent from appellant's brief that appellant treated the two Orders as one in taking his appeal. Appellee filed no brief in this case.